IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| DONDI KENTRAIL FREENEY | § | |
| v. | § | CIVIL ACTION NO. 5:22cv152-RWS-JBB |
| WARDEN, FCI-TEXARKANA | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Petitioner Dondi Freeney, an inmate of the Federal Correctional Institution at Texarkana, filed this application for the writ of habeas corpus challenging the computation of his earned time credits. The petition was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

On December 22, 2022, Petitioner was ordered to pay the statutory filing fee of $5.00 or file an application for leave to proceed *in forma pauperis* which is accompanied by a certified inmate trust account data sheet, as required by 28 U.S.C. § 1915(b). Dkt. No. 2. Petitioner received a copy of this order on December 30, 2022, but has not complied, nor has he responded in any way.

A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b). Such a dismissal may be done *sua sponte* and appellate review is confined to whether the district court abused its discretion in dismissing the action. *Id.*, (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962)). Petitioner's failure to prosecute his case or to comply with an order of the Court is demonstrated by his failure to pay the filing fee or properly seek leave to proceed *in forma pauperis*, as ordered by the Court.

In addition, Petitioner states that he has accumulated approximately 310 days of earned time credits, but the Bureau of Prisons is refusing to credit him with this time because he has a "medium"

pattern score and because he has a pending criminal case for disturbing the peace, which Petitioner says stems from a juvenile arrest in 2002. Dkt. No. 1 at 1. He says that he is not required to exhaust administrative remedies because he is raising a claim of statutory interpretation. *Id.* Petitioner also argues that exhaustion of administrative remedies would be futile because he is challenging the calculation of his earned time credits, which calculations come from the Regional and Central Offices of the Bureau of Prisons who have created written policies contrary to what Petitioner is claiming in his petition. *Id.* He states that he did address his claims with his unit team, who told him that the decisions came from "higher up," meaning the Regional and Central Offices. *Id.*

Petitioner's claim that exhaustion of administrative remedies is unnecessary and futile in claims involving earned time credits has been rejected by the Fifth Circuit. *Davis v. McConnell*, slip op. no. 21-30091, 2021 U.S. App. LEXIS 29387, 2021 WL 4467620 (5th Cir. 2021); *see also Hines v. Warden, USP-Beaumont*, civil action no. 1:21cv280, 2023 WL 5945620 (E.D. Tex., July 28, 2023), r*eport adopted at* 2023 WL 5939863 (E.D. Tex., September 11, 2023); *Gutierrez v. Hijar*, civil action no. EP-22-cv-446, 2023 WL 311913 (W.D. Tex., January 18, 2023). To the extent that Petitioner has not exhausted his administrative remedies, as he strongly implies, his petition may be dismissed on this basis as well.

## RECOMMENDATION

It is accordingly recommended that the above-styled application for the writ of habeas corpus be dismissed without prejudice for failure to prosecute or to obey an order of the Court.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy. Should Petitioner have exhausted his administrative remedies prior to the filing of this petition, he should so advise the Court in his objections.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found.

An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 2nd day of January, 2024.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE